UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL W. BASS,
Plaintiff,

vs.

Case No. 97-CIV-308-ORL-18

BOARD OF COUNTY
COMMISSIONERS, ORANGE
COUNTY, FLORIDA,
Defendant.

_____

**JOINT MOTION FOR ENLARGEMENT OF PRETRIAL AND TRIAL DATES AND
INCORPORATED MEMORANDUM**

*Order: This case will be placed on the March 2002 trial calendar. The amended joint pretrial statement shall be filed on or before February 1, 2001.* [handwritten, 12-26-01]

Plaintiff and Defendant, by and through their undersigned counsel, jointly request enlargement of the pretrial and trial dates set in this case, for the reasons stated below:

1. The Court recently issued a notice setting trial in this case for January 2, 2002, trial term. The Court also scheduled December 14, 2001, as the deadline for the parties to file an amended pretrial stipulation and December 18, 2001, as the date for a pretrial conference. The case had been dormant for approximately three years while appeals were pending.

2. The parties urgently need an enlargement of these dates.

3. Plaintiff needs additional time to locate and serve witnesses. The original joint pretrial statement in this case was filed nearly three years ago, prior to the case going up on appeal to the Eleventh Circuit. At least half of the addresses of Plaintiff's witnesses listed in the pretrial statement are no longer valid. Plaintiff is in the process of tracking down these witnesses. Defendant is facing similar problems with its witnesses.

4. Plaintiff needs extra time in order to research for damages purposes relevant promotion and

SCANNED

122

pay developments occurring during the nearly three-year hiatus in this case. This cannot be done quickly and will involve discovery through public records requests to Defendant. Further, Plaintiff's exhibit list will need to be expanded as these records are obtained.

5. As Plaintiff has previously notified the Court, the date of January 2002 set for trial in the instant case conflicts with that scheduled for another case on the Court's docket in which Plaintiff's counsel will be appearing as trial counsel.

6. Counsel for Defendant has several conflicts preventing counsel from adequately preparing for the pretrial conference and a trial in January 2002. Specifically, counsel for Defendant are involved in 10 depositions during the weeks of December 10 and 17, 2001, in cases with discovery deadlines of January 31, 2002. In the same cases, counsel has depositions scheduled throughout January. Counsel also has been involved in a seven-party trade secret case that has prevented him from preparing for trial. Finally, lead trial counsel has a planned vacation that has already been paid for at the end of January. This vacation was scheduled before the Court set this case for trial, and before the Eleventh's Circuit's final ruling.

7. The law has changed during the nearly three-year hiatus in the case, not only as a result of the Eleventh Circuit's decision on appeal but also other intervening case law developments. The parties need time to conduct thorough research to make sure they are up to date on the law and amend their jury instructions accordingly.

8. The parties have been engaging in settlement discussions. Exploring settlement possibilities has been time consuming, as the process in this case involves considerable research and fact finding. The parties need extra time to continue their settlement negotiations.

9. Extension of the trial date to March 2002 should provide the parties sufficient time to

prepare fully for trial and complete settlement negotiations.

10. Fed. R. Civ. P. 6(b) authorizes the Court to grant enlargements for cause. The circumstances described above are sufficient cause for enlargement of the trial and pretrial dates.

11. The instant motion is timely.

For the foregoing reasons, the parties respectfully request that the Court enlarge the trial date to March 2002 and enlarge the dates for filing an amended joint pretrial statement and holding a pretrial conference accordingly.

Respectfully submitted this 11th day of December, 2001, by:

Joseph Egan, Jr.
Florida Bar No. 180192
Kathryn S. Piscitelli
Florida Bar No. 368598
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Phone: (407) 422-1400
Fax: (407) 422-3658
**Counsel for Plaintiff**

Kevin Shaughnessy
Florida Bar No. 473448
Akerman, Senterfitt & Eidson, P.A.
255 S. Orange Ave.
P.O. Box 231
Orlando, FL 32802-0231
Phone: (407) 843-7860
Fax: (407) 843-6610
**Counsel for Defendant**

3

F I L E   C O P Y

Date Printed: 12/27/2001

Notice sent to:

   ___  Joseph Egan Jr., Esq.
        Egan, Lev & Siwica, P.A.
        231 East Colonial Dr.
        P.O. Box 2231
        Orlando, FL  32802-2231

   ___  Kathryn Sydny Piscitelli, Esq.
        Egan, Lev & Siwica, P.A.
        231 East Colonial Dr.
        P.O. Box 2231
        Orlando, FL  32802-2231

   ___  Kevin W. Shaughnessy, Esq.
        Akerman, Senterfitt & Eidson, P.A.
        255 S. Orange Ave.
        P.O. Box 231
        Orlando, FL  32802-0231

   ___  John P. Dempsey, Esq.
        Akerman, Senterfitt & Eidson, P.A.
        255 S. Orange Ave.
        P.O. Box 231
        Orlando, FL  32802-0231